# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 08 CR 1026 |
| vs. ) | Judge Blanche M. Manning |
| ) | |
| JOHN PSIHOS ) | |

## MEMORANDUM AND ORDER

John Psihos has been charged with four counts of tax evasion, in violation of 26 U.S.C. § 7201, and four counts of making false statements in a tax return, in violation of 26 U.S.C. § 7602(1). The Defendant has filed five pretrial motions, which the court discusses in turn.

**Motion for Early Return of Subpoenas [16-1]**

The Defendant moves for an order permitting the early return of trial subpoenas pursuant to Federal Rule of Criminal Procedure 17(c). The government indicates that it has no objection to this motion, provided that it is similarly granted leave to obtain early return of its trial subpoenas. Therefore, the court grants the Defendant's motion for the early return of trial subpoenas and the early return will apply to the government's subpoenas as well.

**Motion for Rule 404(b) Materials [19-1]**

The Defendant seeks notice of the government's intention to use evidence of other crimes, wrongs, or acts. Federal Rule of Evidence 404(b) prohibits the use of evidence of other crimes, wrongs, or acts to prove character, although it can be used for other relevant reasons such as proof of motive, opportunity, preparation, or identity. *See United States v. Smith*, 103 F.3d 600, 602 (7th Cir. 1996). However, before using 404(b) evidence, the government must first provide the defendant with reasonable advance notice. *See* Fed. R. Evid. 404(b).

The government acknowledges its responsibility under Fed. R. Evid. 404(b) and it appears the parties differ only on the date by which the government should make its disclosure – the government commits to disclosing the information 30 days before trial, while Psihos requests 90 days before trial. The rule requires only reasonable notice, Fed. R. Evid. 404(b), and the court believes that requiring the government to disclose the information three months before trial is unreasonable. The court finds that requiring the government to disclose the information 60 days before trial is reasonable and affords Psihos sufficient notice. As such, the court grants the Defendant's motion for the disclosure of 404(b) information, except that the government shall disclose such evidence no later than 60 days before trial.

**Motion for Production of Exculpatory and Impeachment Materials [20-1]**

Psihos moves for disclosure of all favorable evidence including any exculpatory and impeaching information at least 90 days before trial. In response, the government acknowledges its continuing obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972), to disclose information that may be exculpatory or impeaching and has committed to produce that evidence.

As far as the timing of such disclosures, the defendant requests that the government disclose such evidence 90 days prior to trial. The government, in its response, requests that it be required to disclose *Brady* and *Giglio* materials 30 days before trial. Disclosure of evidence meets the *Brady* and *Giglio* requirements as long as ultimate disclosure is made before it is too late for the defendant to make use of the evidence. *See United States v. Zambrana*, 841 F.2d 1320, 1340 (7th Cir. 1988); *United States v. Allain*, 671 F.2d 248, 255 (7th Cir. 1982). The court believes that requiring the government to disclose the information three months before trial is unreasonable. The court finds

that a reasonable amount of time in which to produce *Brady* and *Giglio* materials would be 45 days before trial, which would afford Psihos sufficient opportunity to make use of the evidence. As such, the court grants the Defendant's motion for the disclosure of exculpatory or impeaching information, except that the government shall disclose such evidence no later than 45 days before trial.

**Motion for Pretrial Production of Charts, Summaries, and Calculations [18-1]**

The Defendant moves for production of any charts, summaries, or calculations that the government intends to use at trial at least 90 days before trial. In response, the government acknowledges that it will be seeking to introduce summaries of certain business records and a chart to summarize its calculations of the unpaid income tax for the 2001 through 2004 years. However, the government argues that it is not required to produce the actual charts or summaries so long as it produces the underlying documents at a reasonable time. The government contends that it has already made the required disclosures in addition to the actual calculations it plans to use.

Federal Rule of Evidence 1006 requires only that the underlying documents, and not the summaries, must be made available to the opposing party. *Coates v. Johnson & Johnson*, 756 F.2d 524, 550 (7th Cir. 1985). In this instance, the government acknowledges its obligation to disclose such underlying materials, and in fact states that it has already made these disclosures. Additionally, the rule requires only reasonable notice, Fed. R. Evid. 1006, and the court believes that requiring the government to disclose the information three months before trial, as Psihos requested, is unreasonable. The court finds that requiring the government to disclose the information 45 days before trial is reasonable and affords Psihos sufficient opportunity to evaluate such materials. The court denies the Defendant's motion for production of the actual summaries or charts to be used at trial, however orders the government to disclose any evidence that constitutes the underlying basis

for such summaries, charts, and calculations, that it has not already produced, at least 45 days prior to trial.

**Motion for Pretrial Production of Expert Witness Materials [17-1]**

Psihos seeks production of a written summary of the testimony of any and all experts the government plans to use during trial, and seeks disclosure *instanter* on the basis of the complexity of this case.[1] In response, the government acknowledges its obligation to provide the information requested, but argues that the case is not as complex as Psihos suggests and that production of the materials four weeks prior to trial is reasonable. The government also contends that it has already produced to Psihos calculations of the only expert it anticipates using.

The court grants the Defendant's motion for a written summary of the anticipated expert testimony, but denies the request that the materials be produced *instanter*. Instead, given that the expert's calculations have already been produced, the court believes that a reasonable time for production of the remaining materials is 45 days before trial.

---

[1] Psihos requests the disclosure of expert witness materials under Federal Rule of Criminal Procedure 16 (a)(1)(E). In fact, the pertinent portion of Rule 16 is (a)(1)(G).

## CONCLUSION

Accordingly, the court grants the motion for early return of subpoenas [16-1]; grants the motion for 404(b) material [19-1], except that the government need not disclose this information until 60 days before trial; grants the motion for *Brady* and *Giglio* materials [20-1], and expert materials [17-1], except that the government need not disclose this information until 45 days before trial; and denies the motion for charts, summaries, and calculations [18-1], except that the government shall disclose the evidence upon which the charts, summaries and calculations are based at least 45 days before trial.

ENTER:

DATE: April 14, 2009

_____
Blanche M. Manning
United States District Judge